UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORIE D. DENNIS,
                         Plaintiff,

                                                                          Case # 12-CV-6394-FPG
v.

                                                                          DECISION AND ORDER
NAZARETH SCHOOLS and
PATRICIA CARROLL,

                      Defendants.
_____


This action was commenced on July 25, 2012, when Plaintiff Lorie D. Dennis, filed a Complaint against Defendants Nazareth Schools and Patricia Carroll. ECF No. 1. After the Plaintiff paid the required filing fee on October 19, 2012, the Clerk of the Court issued Summonses for the named Defendants on that same date. By letter dated January 11, 2013 and docketed on January 23, 2013, the Plaintiff requested an extension of time to effect service on the Defendants. ECF No. 7. By Order dated February 4, 2013, Plaintiff was granted an extension of 120 days to serve the Complaint. ECF No. 9.

That 120-day extension expired on June 4, 2013, but there is no evidence in the record to demonstrate that service occurred within the required timeframe. Instead, the record only indicates that a Vernon Davis served attorney John Refermat, on behalf of both Defendants, with the Summons on June 5, 2013 – after the deadline – and further, with no indication that the Defendants were served with the Complaint. *See* ECF No. 10.

On May 9, 2014, I issued an Order to Show Cause to the Plaintiff. That Order, ECF No. 11, stated that "[i]t appears that Plaintiff has failed to comply with the Court's 120-day service order, and a review of the record of filings in this civil case reveals that aside from the filing of proof of service on June 7, 2013, no further action has been taken to prosecute this case in the succeeding eleven (11) months." *Id.* That Order further directed the Plaintiff to show cause,

before June 9, 2014, why this case should not be dismissed for failure to comply with the Court's directive or to prosecute. *Id.*

On June 5, 2014, the Plaintiff filed a "Motion for Entry of Default," which requested the Clerk of the Court to enter default against the Defendants pursuant to Fed. R. Civ. P. 55(a). ECF No. 12. That one page filing, perhaps made in response to the Court's Order to Show Cause, did not address the failure to serve the Complaint within the required timeframe.

On June 18, 2015, I issued an additional Order to Show Cause to the Plaintiff. That Order again directed the Plaintiff to show cause why this case should not be dismissed under Fed. R. Civ. P. 4(m) for failing to timely effect service. ECF No. 14.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In this case, the Plaintiff has been given ample opportunity to serve the Complaint, but has failed to do so. There is no indication that the Plaintiff has been diligent in her efforts to effect service in a timely manner, and despite being given a previous extension of 120 days – which is twice the period ordinarily allowed to serve a summons and complaint – she still failed to effect service. While I recognize that the Plaintiff is proceeding *pro se*, that does not excuse her failure to comply with this very basic Order. Indeed, "all litigants, including *pro se's*, have an obligation to comply with court orders." *Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks omitted).

The Plaintiff's Response to the June 18, 2015 Order to Show Cause acknowledges that she missed the extended deadline to serve her Complaint, and says that she "struggle[s] with emotional stress" and "had trouble understanding how to proceed with my case." ECF No. 17.

2

However, the Plaintiff clearly knew how to request an extension of time – since she previously made such a request, which was granted by the Court. There is no record of the Plaintiff attempting to contact the Court in any fashion to seek assistance or to seek a further extension, and thus there is no evidence that the Plaintiff was attempting to diligently serve her Complaint. Despite being granted an additional 120 days to serve the Complaint, the Plaintiff did not meet this new deadline, and she has not established any satisfactory reason for her failure. As a result, I find no basis to exercise my discretion to further extend the time period to serve the Complaint in this matter, and this case must be dismissed.

## CONCLUSION

For the foregoing reasons, this case is dismissed pursuant to Fed. R. Civ. P. 4(m), and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:   Rochester, New York
         August 7, 2015

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3